Welch, J.
In this proceeding the administrator represents the creditors of David Butler, deceased, and we-fail to see that any of his bona fide creditors are shown to-be prejudiced by the judgment of the District Court. It is obvious on the face of the record, that as a proceeding for the statutory purpose, namely, that of selling land to pay bona fide debts of the estate, it was colorable merely, and that its real object was to obtain or establish for the widow and heirs their title to the land in controversy. Such a proceeding is an abuse of the provisions of the statute, and. can not be sustained where it is not clearly shown that there was an actual necessity to sell lands for the payment of bona fide debts of the estate. No such necessity appears in-the case. The answer of the guardian ad litem, has the-effect of a general denial, and requires proof of all the-material facts stated in the petition. The petition avers-that there are outstanding debts to the amount of two hundred dollars. The proof is that all the debts proper were paid. The allegation that an allowance of two hundred dollars was made to the widow, and that it remains-due and unpaid, is neither admitted by the heirs nor proved by the testimony. The most that can be learned, or rather inferred from the testimony, is that some allowance, at sometime, was made to the widow. If it be true, as assumed, that it was an allowance for two hundred dollars, in addition to the personal property received by her, made nine years after David’s death, there is ground for suspecting that it was made merely to enable the administrator to bring this-suit for the benefit of the heirs, and not for the benefit of the creditors of the estate.
*523 We think, therefore, that the court did not err in dismissing the plaintiffs’ petition. And it matters not if it be-true, as is to be inferred from the argument of counsel, that the court so decided the case upon the merits of the controversy in regard to the title of the land, and not because there was no sufficient proof of bona fide debts. If that be so, and the court erred in its decision in that behalf, it was an error without prejudice, and only shows that the court rendered a right judgment for a wrong reason; because the judgment will be no bar to any future action by the widow or heirs, to recover the land, or to assert their title thereto.

Motion overruled.